IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY B. HOPKINS | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-14-2743 |
| BALTIMORE CITY DETENTION CENTER, *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF DEFENDANT BALTIMORE CITY DETENTION CENTER'S MOTION TO DISMISS

Defendant Baltimore City Detention Center, by its attorneys, Brian E. Frosh, Attorney General of Maryland, and Lisa O. Arnquist, Assistant Attorney General, submit this memorandum in support of its motion to dismiss.

## I. INTRODUCTION

This action is brought by Anthony Hopkins, formerly an inmate committed to the custody of the Division of Pretrial Detention and Services, a unit of the Department of Public Safety and Correctional Services ("the Department"). Hopkins is now confined in the Maryland Division of Correction, also a unit of the Department. *See* Md. Code Ann., State Gov't § 2-201(1), (3). Named as defendants in this action are the Baltimore City Detention Center ("BCDC"), a facility of the Department's Division of Pretrial Detention

and Services; and three Department employees, Correctional Officer ("CO") II Lashawna Langley, CO II Brittany Hamlin, and CO II [ ] Crawford.[1]

Hopkins alleges that on January 27, 2014 Defendant Hamlin paid Black Guerilla Family Gang Members a Saboxen Strip to "jump on him" and when he reported it "Officer Langley informed the gang". ECF No. 1, p. 4. This Court should dismiss the action as to BCDC because it is barred by the Eleventh Amendment and because BCDC is not a "person" under 42 U.S.C. § 1983.

## II. LEGAL STANDARD

A motion made pursuant to Rule 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Indeed, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1965. Rather, to survive a Rule 12(b)(6) motion, the complaint must be supported by factual allegations that "raise a right to relief above the speculative level," *id*., and "cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d

---

[1] As of the date of this filing, Defendants Hamlin, Langley and Crawford have not been served with process in this matter. Undersigned counsel has agreed to accept service on behalf of Defendants Langley and Hamlin effective March 24, 2015, and will notify the Clerk of the Court that service has been accepted. Counsel will respond separately to the Complaint on behalf of those two Defendants.

186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

### III.  ARGUMENT

A.   **Hopkins' Claim Against BCDC Is Barred.**

    1.   **BCDC Is Not A "Person" Within The Meaning Of 42 U.S.C. § 1983.**

Neither a state and its units, nor individual state officials sued in their official capacities, are "person[s]" under § 1983. *See Will v. Michigan Department of State Police,* 491 U.S. 58, 70 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). BCDC is a facility within the Department's Division of Pretrial Detention and Services. Md. Code Ann, Corr. Servs. § 5-201, 5-401 (2008 Replacement Volume.) BCDC is unit of the State of Maryland, and not a "person" under § 1983. For that reason, the Complaint must be dismissed as to BCDC.

    2.   **The Eleventh Amendment Also Bars Hopkins' Claim Against BCDC.**

The Eleventh Amendment to the United States Constitution immunizes the State, its agencies, and its officials sued in their official capacities, from suit in federal court unless Congress has exercised its power to abrogate the State's immunity or the State has waived that immunity. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-103 (1984). *See Gray v. Laws*, 51 F.3d 426, 430-31 (4th Cir. 1995). Congress has not

exercised its authority under Section 5 of the Fourteenth Amendment to override the State's immunity from suit in federal court for claims asserted under §1983. Nor has the State consented to be sued in federal court for these types of claims. Thus, for this additional reason, Hopkins' claim against BCDC is barred and must be dismissed.

                                                            RESPECTFULLY SUBMITTED,

                                                            BRIAN E. FROSH
                                                            ATTORNEY GENERAL OF MARYLAND

                                                            _____/s/_____
                                                            LISA O. ARNQUIST
                                                            ASSISTANT ATTORNEY GENERAL
                                                            Fed Bar. No. 25338
                                                            Attorney General's Office
                                                            Division of Correction
                                                            115 Sudbrook Lane – Suite A
                                                            Pikesville, Maryland 21208
                                                            (410) 585-3079
                                                            loarnquist@dpscs.state.md.us

                                                            Attorney for Defendant BCDC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of March, 2015, a copy of the foregoing Defendant Baltimore City Detention Center's Memorandum in Support of Motion to Dismiss was mailed, postage prepaid, to Anthony B. Hopkins, #425-067, Maryland Correctional Institution – Jessup, P.O. Box 549, Jessup, Maryland 20794.

_____/s/_____
Lisa O. Arnquist