IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY B. HOPKINS,<br>    Plaintiff | * |
| | *    CIVIL ACTION NO. CCB-14-2743 |
| V. | |
| | * |
| BALTIMORE CITY DETENTION CENTER,<br>LASHAWNA LANGLEY,<br>BRITTANY HAMLIN,[1]<br>MR. CRAWFORD,<br>    Defendants | * |
| | * |

******

MEMORANDUM

Pending is a Motion to Dismiss filed on behalf of Baltimore City Detention Center ("BCDC"). ECF 12. Plaintiff Anthony B. Hopkins has responded. ECF 17. Also pending is a Motion to Dismiss, or in the Alternative for Summary Judgment, filed on behalf of defendants Lashawna Langley and Brittany Hamlin, ECF 19, to which plaintiff has not responded.[2] Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, the dispositive motions will be granted.[3]

---

[1] The Clerk shall amend the docket to reflect the proper name of defendants Baltimore City Detention Center, Lashawna Langley, and Brittany Hamlin.

Although named in the caption of the complaint, Hopkins offers no allegations as to defendant "Mr. Crawford." As such, the complaint against Crawford shall be dismissed.

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on May 6, 2015, Hopkins was notified that defendants Langley and Hamlin had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF 20. He was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

[3] Defendants Hamlin and Langley's motion for extension of time to respond to the complaint (ECF 16) is granted nunc pro tunc.

Hopkins' motion for leave to proceed in forma pauperis (ECF 18) is denied as moot. He previously was granted

Background

On August 26, 2014, Hopkins, who is incarcerated at the Maryland Correctional Institution-Jessup ("MCI-J"), filed a self-represented complaint, alleging that on January 27, 2014, while Hopkins was detained as a pretrial detainee at BCDC, Officer Hamlin instructed Officer Langley to "kick [him] out of medical." ECF 1, p. 3. Hopkins states that Hamlin paid members of the Black Guerilla Family gang to attack him. *Id*. Hopkins also states that he reported this to Langley, but Langley informed the gang. *Id*. He asks that Langley and Hamlin be reprimanded and that he be compensated for his pain and suffering. *Id.*

Analysis

A.     Claim against BCDC

BCDC, a facility of the Maryland Department of Public Safety and Correctional Services' Division of Pretrial Detention and Services,[4] is entitled to dismissal based on the doctrine of sovereign immunity. Under the Eleventh Amendment a state, including its agencies and departments, is immune from federal lawsuits brought by its citizens or the citizens of another state, absent consent. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Global Mail Ltd. V. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998) ("Sovereign immunity deprives a court of jurisdiction to hear a case."). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Hopkins' complaint against BCDC, an entity of the State of Maryland, is barred by the Eleventh Amendment, and it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

---

leave to proceed in forma pauperis. *See* ECF 6.

[4] *See* Md. Code Ann. Corr. Servs. '§5-201, 5-401.

Additionally, to sustain an action under 42 U.S.C. § 1983, Hopkins must demonstrate that: (1) he suffered a deprivation of rights secured by the Constitution of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). BCDC is not a person under § 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").

    B.    Exhaustion of Administrative Remedies

Defendants raise the affirmative defense of non-exhaustion. They assert Hopkins' claims have not been properly presented through the administrative remedy procedure and must be dismissed pursuant to 42 U.S.C. § 1997e. ECF 19. The Prisoner Litigation Reform Act provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Hopkins is subject to the strict requirements of the exhaustion provisions, and it does not matter that he alleges injury caused by a single incident, as opposed to general conditions of confinement. *See Porter v. Nussle*, 534 U.S. 516, 528–32 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Thus, Hopkins' claims must be dismissed if defendants raise the affirmative defense and

also prove that plaintiff has failed to exhaust available remedies. *See Jones*, 549 U.S. at 216–17 (failure to exhaust is an affirmative defense and inmates are not required to demonstrate exhaustion in their complaints). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F. Supp. 2d 523, 530 (D. Md. 2003); *Booth*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or final administrative review after the prison authority denied relief").

BCDC has established a four-step grievance process. ECF 19-2. Hopkins filed three complaints with the Resident Grievance Office while housed at BCDC. *Id*. ¶ 5. However, he never filed a complaint regarding any of the events alleged in his complaint. *Id*. ¶ 4. As Hopkins failed to institute, much less exhaust, available administrative remedies, the complaint shall be dismissed.

## Conclusion

For the reasons stated, defendants' dispositive motions will be granted. Hopkins' complaint against Crawford shall be dismissed. A separate order shall be entered in accordance with this memorandum.

Date:   2/8/16                                  /S/
                                         Catherine C. Blake
                                         United States District Judge